IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOHN FRANKLIN ARBOGAST,**
    **Plaintiff,**

v.                                              **CIVIL ACTION NO. 3:18-CV-168**
                                                       **(GROH)**

**DEBRA MINNIX,**
**REX SKIDMORE, and**
**TYGART VALLEY REGIONAL JAIL,**
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

Plaintiff is a state inmate presently confined at Martinsburg Correctional Center, in Martinsburg, West Virginia. He was sentenced on January 29, 2019, for his conviction for conspiracy to commit a felony in the Circuit Court of Taylor County, West Virginia, case number 18-F-54. His projected release date is December 7, 2020. https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search. Petitioner was previously confined at Tygart Valley Regional Jail in Belington, West Virginia. Apparently, it was during his confinement at Tygart Valley Regional Jail that the events occurred which led to his filing of civil action filed pursuant to 42 U.S.C. § 1983.

On October 12, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging in five claims that the named defendants violated his constitutional rights to religious freedom.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's

complaint be dismissed with prejudice for failure to state a claim.

## II. FACTUAL AND PROCEDURAL HISTORY

Although Plaintiff is a frequent litigant[1], it appears that the instant case is the first where he has asserted a violation of his religious freedom rights.

### A. Plaintiff's Instant § 1983 Action

Plaintiff's complaint listed five grounds for relief all of which relate to religion. He articulates his grounds as follows: (1) "religious freedom"; (2) "Religious"; (3) "Religious—Refused to answer Grievances"; (4) "Religious made and for[ced] to eat what was on main line"; and (5) "Denied Diet 'Kosher Dietary Dept". ECF No. 1 at 6 – 7. Although not the epitome of clarity, it appears that Plaintiff believes his constitutional rights to freedom of religion were violated when the correctional institution provided him with a diet which was not compliant with his religious beliefs.

In the supporting facts section for each claim, Plaintiff asserts: (1) "Religious beliefs should not be restricted or inhibited by correctional authorities in any way"; (2) "Should be entitled to pursue lawful religious practice consistent with their orderly confinement and the security of the institution standard"; (3) "The food service refused to act on grievances and answer my grievances."; (4) "Refused to contact other facility to see what Jewish tray menu serve"; and (5) "Correctional authorities should provide prisoners with diet of nutritious food consistent with their religious beliefs prisoners

---

[1] In addition to the instant action, since 2013, Plaintiff has filed the following actions in the Northern District of West Virginia: (1) 1:13-CV-106, a § 1983 action filed on August 24, 2018, dismissed June 2, 2014; (2) 1:13-CV-160, a personal injury action filed on June 24, 2013 and dismissed without prejudice on August 6, 2013; (3) 1:18-CV-146 a § 1983 action filed on July 30, 2018 and dismissed on August 27, 2018 upon the filing of 3:18-CV-135; (4) 3:18-CV-135 a § 1983 action filed on August 24, 2018, dismissed November 2, 2018, and affirmed by the Fourth Circuit on April 10, 2019; (5) 3:18-CV-192 a § 1983 filed on November 28, 2018, and dismissed for failure to prosecute on January 24, 2019; and (6) 3:18-CV-195, a § 1983 action filed on December 3, 2018 and dismissed for failure to prosecute on January 24, 2019.

should be entitled to observe special dining hours on major holiday generally observed by their religion." ECF No. 1 at 6 – 7.

Plaintiff claimed he was injured by being forced "to eat reg[ular] foods." ECF No. 1 at 7. More specifically, Plaintiff claimed that he was a "confined person [denied] access to a clergyman acting in his professional capacity unless clergyman has been excluded from the facility to a act con[fid]entail of a d[i]fferent faith." Id. at 8. Plaintiff seeks $5,800,000.00 in damages. Id. at 8.

On April 22, 2019, Plaintiff filed a motion to settle out of court. ECF No. 12.

### III.  LEGAL STANDARD

**A.    Pro Se Litigant**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

> baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).

However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has

5

> deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

### IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  Gomez, 446 U.S. at 640.

Plaintiff has named as defendants warden Debra Minnix, food service worker Rex Skidmore, and the institution of the Tygart Valley Regional Jail.  However, Plaintiff fails to make any specific allegations against either individual defendant.  Although Plaintiff further failed to make any specific allegations against the institution Tygart Valley Regional Jail, that entity is improperly named as a defendant in a § 1983 action.  As recognized by the United States Supreme Court in Hale v. Arizona, 993 F.2d 1387 (1993), "a state is not a 'person' within the meaning of § 1983. [ ] This limitation on  § 1983 also extends to 'arms of the State.'"  993 F.2d at 1398.  Further, the Tygart Valley Regional Jail has previously been held not to be a "person" amenable to suit under 42 U.S.C. § 1983.  Little v. Tygart Valley Regional Jail, 2013 WL 5744780 (N.D.W.Va. Oct. 23, 2013).  Accordingly, the Tygart Valley Regional Jail should be dismissed with prejudice as an improperly named defendant.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement

6

that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  Although Plaintiff's complaint is both short and plain, it fails to allege that any individual defendant took specific action which constitute the civil rights violations alleged by Plaintiff. Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added).

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendants subjected, or caused him to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the Tygart Valley Regional Jail should be **DISMISSED WITH PREJUDICE** as an improperly named defendant.  Further, this Court **RECOMMENDS** the Complaint as to defendants Debra Minnix and Rex Skidmore [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted.  This Court further

7

recommends that Plaintiff's motion to settle [ECF No. 12] be **DENIED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     April 26, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE